LYDIA A. GILBERT *vs.* THOMAS C. BACHELDER, executor.

Suffolk.   January 13, 14, 1916. — March 4, 1916.

Present: RUGG, C. J., BRALEY, CROSBY, & PIERCE, JJ.

*Devise and Legacy,* Whether payment postponed.   *Interest.*

The mere fact that a testator by his will devised all his real estate to trustees with directions that they should pay the net income therefrom to the executor of his will at intervals six months apart, and that they should sell and dispose of the real estate "as speedily and quickly as they" could "economically and reasonably do so," and pay the net proceeds of the sales to the executor, and that the executor out of the personal property and the sums thus received from the trustees should pay certain legacies, but that the real estate in no event should be sold to pay the legacies except by the trustees as above provided, does not disclose an intention of the testator to postpone the payments of the legacies more than one year from his death.

And therefore one, who was given a legacy by such a will and whose entire legacy was not paid for more than a year after the testator's death although the value of the estate warranted a payment within the year, is entitled to be paid interest at six per cent on any unpaid balances from the expiration of one year from the testator's death.

CONTRACT against the executor of the will of Charles H. Greenwood, late of Boston, for interest alleged to be due to the plaintiff by reason of a delay beyond a year in the payment of a legacy. Writ dated August 25, 1915.

By the first paragraph of the will of Charles H. Greenwood all his real estate was given to Thomas C. Bachelder and Charles Ripley in trust in their discretion to manage, maintain and develop it and to collect the revenue from it; to "pay over the net receipts at intervals of not more than six months apart to the executor of this will hereinafter named and his receipt for such payments shall be a full and complete discharge to my trustees;" to sell and dispose of all the real estate, with an exception not material, "as speedily and quickly as they can economically and reasonably do so," the trustees being given "full, absolute, and final" discretion in all matters appertaining thereto, and being directed "likewise" to pay over to the executor "any such monies so received, in the manner" provided in the passage above quoted as to "net receipts."

In the second paragraph Thomas C. Bachelder was named sole executor and was directed "to pay over out of my personal property and the sums received from profits and sales of my real estate as above provided the following bequests and legacies as soon as he can conveniently do so, but under no circumstances and in no event shall my real estate be sold to pay these bequests and legacies except by my two said trustees in manner as above provided." There then followed a list of bequests including, among others, the eighth, quoted in the opinion.

There was an agreed statement of facts, from which it appeared that the inventory of the intestate's estate showed $187,020 of real estate and $112,426.43 of personal estate; that the gifts provided for in the will amounted to $178,000; that at the date of the writ in this action the executor had received $154,595.81 from the personal property of the estate and from the trustees, and that this had accumulated as a fund to use for the payment of the legacies. A part of this fund the executor was obliged to use to pay legacy taxes, payments upon mortgage notes and expenses of administration. Before this action was begun the plaintiff had been paid all the principal of her legacy. At "the time of the payment of the principal sum of the legacy and at the date of the writ, the defendant had in his hands sufficient funds remaining unpaid out of the fund" paid him by the trustees "to pay the interest on the plaintiff's legacy." If the plaintiff was entitled to recover interest, judgment should be entered for her in the sum of $233.46 with interest from August 25, 1915.

The case was heard upon the agreed statement of facts by *Jenney*, J., who found for the plaintiff in the sum of $237.93 and ordered judgment forthwith. The defendant appealed.

*T. C. Bachelder*, pro se.

*G. F. Wales*, for the plaintiff.

PIERCE, J. It is the contention of the defendant, that under the scheme of the will the plaintiff as a *cestui que trust* took an interest to the extent of $12,000 in a fund to be developed and accumulated from the executor's investment of personal property and from the trustees' management and sale of the real estate. He also argues, that her right to receive payment did not accrue at the expiration of one year from the day of the testator's death, but, by necessary implication, was postponed until the executor had acquired a

fund sufficient to pay in full the gift to her and to all others similarly conditioned.

In that part of the will which creates and defines the trust, as also the duties of the trustees, no word can be found to indicate that the testator intended that there should be at any time a payment of trust income or principal directly to any beneficiary other than to the executor of the will. That such was not the intention of the testator is made certain by the provision in the trust which directs the trustees "To transfer by proper deed or deeds such an amount of land to the three trustees of the Greenwood Memorial Building hereinafter named as said three trustees shall decide and determine to be proper and necessary."

The clause of the will under which the plaintiff claims, is as follows: "Eighth. To Lydia A. Gilbert twelve thousand dollars (12,000) and to her sister, Josephine Gilbert, eight thousand dollars (8,000) if they shall be living at my decease. If one of them be then living the entire sum of twenty thousand dollars shall be paid that one then living. If neither be then living these legacies lapse."

This clause creates an ordinary pecuniary legacy payable at the expiration of one year from the testator's death, and we find nothing in the other clauses of the will to indicate that such a construction is inconsistent with any express or implied intention of the testator. In all essential respects this case is not to be distinguished from *Claflin* v. *Holmes,* 202 Mass. 157.

It follows that interest by way of accretion is to be added to that portion of the legacy that remained unpaid at the expiration of one year from the testator's death.

By agreement of parties, judgment in the above event is to be entered for the plaintiff for $233.46, and interest thereon from August 25, 1915, to the date of the entry of judgment.

And it is

*So ordered.*