EDWIN F. LYFORD, executor & trustee, vs. FLORENCE O.
McFETRIDGE & others.

Hampden.    September 25, 1917. — October 22, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Devise and Legacy*, Lapsing of legacy.  *Interest.  Executor and Administrator.*

Where a testator by his will gave to his wife the income of the residue of his estate
during her lifetime and upon her death gave all the property to a trustee,
directing him to pay certain pecuniary legacies and to hold the residue in
trust for the benefit of certain beneficiaries for life, and where it was agreed
for the purposes of the case that the testator and his wife were killed by an
accident "at the same instant of time," it was *held*, that, the testator's wife
not having survived him, the life interest created for her benefit lapsed, and
the pecuniary legatees in remainder, all of whom were living at the time of
the testator's death, became entitled to their legacies.

In the same case it was *held* that, the will having provided that the pecuniary
legacies should be paid by a trustee, the payment of such legacies was in legal
effect the same as if the testator had directed that it should be done by the
executor of his will, and accordingly that the usual rule was applicable, that
an executor is not chargeable with interest on pecuniary legacies until the
expiration of one year from the death of the testator.

BILL IN EQUITY, filed in the Probate Court of the county of
Hampden on September 13, 1915, by Edwin F. Lyford, the executor
of and trustee under the will of Sherman D. Porter, late of Spring-
field, for instructions.

On appeal to the Supreme Judicial Court the case was heard by
*Pierce*, J. At the hearing, the allegations of fact contained in
the bill were admitted to be true, and in addition the parties
filed the following statement of agreed facts: " The parties to
the above entitled case agree that for the purposes of this case
the court may take it to be a fact that Sherman D. Porter
and his wife, Elizabeth T. Porter, perished on the 26th day of
August, A. D. 1913, in a common disaster caused by the col-
lision of a railroad train with an automobile in which they were
riding, and that they died at the same instant of time.    The
parties further agree that there are sufficient assets in the
estate of Sherman D. Porter to pay interest on the several

legacies of the respective appellants from the date of the death of Elizabeth T. Porter and to leave in addition thereto a considerable residue to the town of East Longmeadow and the Springfield Hospital. Ethan Taylor, Maybelle Taylor Allen, Alfred H. Taylor, and the city of Springfield wish it to be understood that their reason for entering into this agreement is that in the opinion of their counsel it is not material in this matter to determine whether Mrs. Porter survived her said husband, but that to prove such fact, i. e., that Mrs. Porter did survive her husband, would necessitate the expenditure of an amount of time and money that in their counsels' opinion would be far larger than the amount at issue in this matter would justify."

At the close of the hearing four of the defendants, as explained in the opinion, asked the single justice to make the following ruling: "On all the evidence, these defendants are entitled to interest on their respective legacies contained in the clauses of the residuary bequest numbered 'thirteenth,' 'fourteenth' and 'fifteenth,' each amounting to the sum of $15,000 and 'thirty-sixth,' amounting to the sum of $10,000, at the rate of six per cent per annum from August 26, 1913, the date of the death of Elizabeth T. Porter."

The justice refused to make this ruling and ruled that those defendants were entitled to interest on their respective legacies from one year after the death of Sherman D. Porter. Those defendants alleged exceptions. The proceedings by which two other defendants, who afterwards became parties to the suit, were permitted to join in the exceptions by an order of consolidation and a stipulation of the parties are stated in the opinion.

*W. H. McClintock,* for the defendants Florence O. McFetridge and others.

*R. A. Bidwell,* for the defendant the city of Springfield.

*C. H. Beckwith,* for the defendant the Springfield Hospital.

BRALEY, J. The exceptions present only questions of law raised by the appellants and defendants Ethan Taylor, Maybelle Taylor Allen, Alfred H. Taylor and the city of Springfield, as the appellants Florence O. McFetridge and Helen M. Olmstead did not become parties to the suit until after the allowance of the exceptions. In the motion for leave "to make a late entry of their appeal" they also ask that the appeal may be heard by the full court, and the

record shows that leave was granted with an order that the "appeals may be consolidated." R. L. c. 162, § 13. It resulted from this order that three of the defendants had been heard and their rights determined by the single justice; while as to the other respondents the case remained undecided. But, the question in issue being common to all the appeals, whatever embarrassment might have arisen from this state of the record has been obviated by the stipulation of Florence O. McFetridge and Helen M. Olmstead filed at the argument before this court, that they were content to abide by the decision in the pending exceptions. St. 1913, c. 716, § 2. As we are of opinion that the exceptions must be overruled, nothing appears as to all the defendants why the case then would not be ripe for the entry of a final decree. *Prescott* v. *Prescott*, 175 Mass. 64, 68. See *Kennedy* v. *Welch*, 196 Mass. 592, 594; *McCusker* v. *Geiger*, 195 Mass. 46, 52.

By his will which has been duly proved and allowed, the testator, after making several legacies, provided in part as follows: "Third: All the rest and residue of my estate, real, personal or of whatever nature and wherever located, I give, devise and bequeath to my said wife in trust for the following purposes, namely:

"1st. To pay out of the income thereof the sum of Twenty-five ($25.00) Dollars per month to the said Kittie Porter Spellman, during the lifetime of my said wife, unless the said Kittie Porter Spellman should die before my wife, and in such case during the lifetime of the said Kittie Porter Spellman.

"2nd. To pay out of the income thereof the sum of Twenty-five ($25.00) Dollars per month to the said Libbie Porter Davis, during the lifetime of my said wife, unless the said Libbie Porter Davis should die before my said wife, and in such case during the lifetime of the said Libbie Porter Davis.

"3rd. To have and enjoy all the remaining use income and improvement thereof herself, during her life with full power to use and expend the same for such purposes as she may choose. I also authorize and empower her to sell any or all of said trust estate, whether real or personal or of whatever nature (except such as may be herein specifically bequeathed in remainder after her death either at public auction or private sale, and in such manner and at such time or times and as a whole or in such portions as she may think best, for the purpose of reinvestment and to invest and reinvest

the proceeds at her discretion, and to execute, acknowledge and deliver such instruments as may be proper to transfer the property sold or in connection with such transfer or sale and no purchaser to be obliged to see to the application of the purchase money. My executors are authorized to transfer to her any or all of the personal property which she may be entitled to receive under this trust in the form in which I leave it invested instead of converting it into cash, and it is my will that she be at liberty to retain any of the investments in that form or (except in the case of such property as may be specifically bequeathed in remainder after her death) to invest in a different manner at her discretion, and that she shall not be limited to such investments as are ordinarily required in the case of trustees.

"Payment or transfer to her of the property to which she is, entitled under this trust and her receipt therefor shall be a complete discharge of my executors, and I request that she be exempt from furnishing any surety or sureties upon her bond as trustee.

"Fourth: From and after the death of my said wife, I give, bequeath and devise the remainder of my property, real, personal and of every description to Edwin F. Lyford of said Springfield, his heirs and assigns in trust for the following purposes however, namely: —"

"Thirteenth: To pay to the said Ethan Taylor, Fifteen Thousand ($15,000.00) Dollars.

"Fourteenth: To pay to the said Maybelle Taylor Allen, Fifteen Thousand ($15,000.00) Dollars.

"Fifteenth: To pay to the said Alfred H. Taylor, Fifteen Thousand ($15,000.00) Dollars."

"Twenty-ninth: To pay to the Springfield Hospital, Ten Thousand ($10,000.00) Dollars."

"Thirty-sixth: To pay to the City of Springfield, Massachusetts, the sum of Ten Thousand ($10,000.00) Dollars, to be expended by it on public parks. Payment of said sum by my trustee to the Treasurer for the time being of said City, and his receipt therefor, shall be a complete discharge of my trustee so far as this item of his trust is concerned."

The third clause gives his wife, if living at his death, the entire income for life of the residue of his estate, with the exception of the bequests to Kittie Porter Spellman and Libbie Porter Davis, and

at her death the equitable remainders would become operative. *Gifford* v. *Choate*, 100 Mass. 343. *McCarty* v. *Cosgrove*, 101 Mass. 124.

But as agreed by the parties the testator and his wife "died at the same instant of time" by reason of "the collision of a railroad train with an automobile in which they were riding." The will of course speaks from the testator's death, and, his wife not having survived him and there being no tenant in whom the estate could vest in title and possession, the life estate created for her benefit lapsed and the legatees in remainder, all of whom were living at his death, became entitled to their respective legacies. *Prescott* v. *Prescott*, 7 Met. 141. *Dow* v. *Doyle*, 103 Mass. 489. *Thompson* v. *Thornton*, 197 Mass. 273.

The interposition of a trustee leaves the defendants in legal effect as if the testator had directed payment to be made by his executor, *Claflin* v. *Holmes*, 202 Mass. 157, 159, *Parker* v. *Cobe*, 208 Mass. 260, 263, 264, *Gilbert* v. *Bachelder*, 223 Mass. 329, and the usual rule, that an executor is not chargeable with interest on pecuniary legacies until the expiration of one year from the testator's death, is to be applied. *Kent* v. *Dunham*, 106 Mass. 586. See R. L. c. 141, §§ 19, 20, as amended by Sts. 1914, c. 699, § 8; 1915, c. 151, §§ 1, 2. The single justice accordingly rightly refused to rule, that, "On all the evidence, these defendants are entitled to interest on their respective legacies contained in the clauses of the residuary bequest numbered 'thirteenth,' 'fourteenth,' and 'fifteenth,' (each amounting to the sum of $15,000.00,) and 'thirty-sixth' amounting to the sum of $10,000, at the rate of six per cent per annum from August 26, 1913, the date of the death of Elizabeth T. Porter."

*Exceptions overruled.*