BOSTON SAFE DEPOSIT AND TRUST COMPANY, executor, *vs.*
WALDO REED, executor, & others.

Suffolk.    November 21, 1917. — January 12, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Devise and Legacy*, To individuals or to a class, General or specific, Of stocks and bonds.

Unless it is clear that a testator intended that the persons named in his will as the legatees of a fund should take the fund as a gift to them and the survivors of them as a class, a gift by will of a sum of money to be distributed equally among

certain legatees described by name is a separate gift to each of the legatees named, and if one of them dies before the testator, leaving no issue, the legacy to such legatee lapses and, if there is a residuary clause in the will, falls into the residue of the testator's estate.

A codicil to the will of a testator contained the following provision: "I give and bequeath unto my said cousins A A G, M E W and C N W, and to the issue of said W T S, stocks and bonds to the amount of one hundred thousand dollars, to be equally divided between them, the issue of said W T S taking the share he would have taken, if living." The testator had inherited about $75,000 from his father and the persons named in the provision quoted above were his only cousins on his father's side. The codicil contained a residuary clause. C N W, one of the cousins named, died before the testator, leaving no issue. *Held,* that the legacy to C N W of stocks and bonds to the amount of $25,000 lapsed and that the amount that had been bequeathed to him fell into the residue of the testator's estate, leaving stocks and bonds to the amount of $75,000 to be distributed among the other legatees designated in the provision quoted above.

In the case stated above it appeared that the testator at the time of his death owned stocks and bonds in excess of $100,000 in value, and it was *held* that under the provision quoted above the legacy of "stocks and bonds to the amount of one hundred thousand dollars" was a general and not a specific bequest and that the legatees were entitled to receive stocks and bonds equal to the amounts of their respective legacies at the fair market value of the securities at the time of their transfer.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 13, 1917, by the Boston Safe Deposit and Trust Company, a corporation, as the executor of the will of Andrew R. Winslow, late of Boston, for instructions.

The case came on to be heard by *Crosby,* J., upon the pleadings and an agreed statement of facts. The clause of the codicil to the will of the testator which was to be interpreted is quoted in the opinion. Among the agreed facts were the following:

Andrew R. Winslow, the testator, was the only son of John B. Winslow and Polly Robinson Winslow. At the time of her marriage to the testator's father the testator's mother had no independent means of her own. The testator's father died on February 12, 1890, intestate and a widower, leaving property worth approximately $75,000, and on March 17, 1890, the testator was appointed the administrator of his father's estate, giving a bond approved by the Probate Court for Suffolk County in the amount of $100,000.

On April 12, 1890, the testator made the will referred to in the bill.

Both at the time of the death of John B. Winslow and on April

12, 1890, Amelia A. Greene, Mary E. Whitaker, Charles N. Winslow, and Wanton T. Sherman, the legatees mentioned in the first paragraph of the will, constituted the testator's only living first cousins on his father's side.

On October 21, 1904, the testator executed a codicil to his will, which was referred to in the bill and contained the provisions quoted and described in the opinion.

Of the first cousins of the testator named in the first clause of the will Wanton T. Sherman died after the will was drawn and before the codicil was executed, leaving two sons and two daughters. The daughters died, never having married and intestate, after the execution of the codicil but before the death of the testator, so that the only issue of Wanton T. Sherman living at the time of the testator's death were his sons, the defendants Joseph B. Sherman and Henry W. Sherman.

Mary E. Whitaker, mentioned in the first paragraph of both the will and the codicil, died on June 11, 1906, intestate, leaving no husband, and as her only heir at law Josephine W. Whitaker, who was appointed administratrix of her mother's estate on September 4, 1906. The testator knew of her death.

Charles N. Winslow died on December 29, 1904, leaving a widow, Henrietta E. Winslow one of the defendants, who was appointed executrix of his will on February 6, 1905. Charles N. Winslow left no issue, no father, mother, brother, sister, nephew or niece. The testator was thus one of his next of kin at the time of his decease.

The testator died on January 21, 1916, never having married, leaving an estate appraised at $226,374.42, and, surviving him, in addition to Amelia A. Greene, Josephine W. Whitaker, Joseph B. Sherman, and Henry W. Sherman, hereinbefore mentioned, who then constituted, with the exception of the children of Amelia A. Greene, the only living descendants of Andrew Winslow, the testator's paternal grandfather, his second cousin George F. Winslow, and as his only heirs at law and next of kin on his mother's side certain first cousins.

A list of the stocks and bonds included in the estate of the testator at the time of his death was appended to the agreed statement of facts. Their value as appraised in the inventory of the testator's estate was $131,458.75.

*E. Higginson,* for the defendant Waldo Reed.

*C. J. Danaher* (of Connecticut), for the defendant Joseph B. Sherman.

*J. G. Brackett,* for the defendant Josephine W. Whitaker.

*J. A. Locke,* for the Boston Safe Deposit and Trust Company as trustee.

*M. Levy* (of Rhode Island), for the defendant Henry W. Sherman, submitted a brief.

CARROLL, J.   The main question involved in this bill for instructions as to the construction of the will of Andrew R. Winslow is, whether in the first article of the codicil to his will he gave to Amelia Ann Greene, Mary Elizabeth Whitaker, Charles N. Winslow and the issue of Wanton T. Sherman one bequest to them as a class or separate bequests to each of them.   Charles N. Winslow having died after the date of the codicil and before the death of the testator, leaving no issue, his legacy lapsed and passed into the residue, if it was a separate legacy.   R. L. c. 135, § 21.   *Howland* v. *Slade,* 155 Mass. 415.   If the gift was to a class, the legacy of Charles N. Winslow went to the survivors.

The first article of the testator's codicil to his will provided that, "Whereas in my said will by the first clause thereof I did give and bequeath all my stocks and bonds and money in savings banks to be equally divided between my cousins Wanton T. Sherman, Amelia Ann Greene, Mary Elizabeth Whitaker and Charles N. Winslow; . . . and whereas said Wanton T. Sherman has since died, leaving issue; I therefore hereby revoke said first clause of said Will, and in place thereof I give and bequeath unto my said cousins Amelia Ann Greene, Mary Elizabeth Whitaker, and Charles N. Winslow, and to the issue of said Wanton T. Sherman, stocks and bonds to the amount of one hundred thousand dollars, to be equally divided between them, the issue of said Wanton T. Sherman taking the share he would have taken, if living."

It is a well recognized rule that when there is a gift to several legatees described by name, of an aggregate sum to be divided equally among them, if one dies before the testator, his share will lapse.   *Emerson* v. *Cutler,* 14 Pick. 108, 114.   *Workman* v. *Workman,* 2 Allen, 472.   *Best* v. *Berry,* 189 Mass. 510.   *Sohier* v.

*Inches,* 12 Gray, 385. *Dresel* v. *King,* 198 Mass. 546. *Worcester Trust Co.* v. *Turner,* 210 Mass. 115.

This rule will not be enforced when it is clear that the testator intended that the persons named were to take the fund bequeathed as a class and not as individuals, and the survivors of the legatees named should take the whole fund bequeathed. *Best* v. *Berry, supra,* and cases cited.

Where the recognized rule has not been followed, it will generally be found that the testator, taking the will as a whole, manifested an intention to give one fund to a single class or group of persons and did not intend a gift to each one individual absolutely, that he had in mind, not the individuals of the class, but the class itself as the object of his bounty, and intended to benefit all of the class who were left at his death rather than to benefit them individually, the court in such cases, deciding that the legacy was to a class, merely carried out the intention of the testator. *Schaffer* v. *Kettell,* 14 Allen, 528. *Stedman* v. *Priest,* 103 Mass. 293. *Meserve* v. *Haak,* 191 Mass. 220. *Loring* v. *Coolidge,* 99 Mass. 191. *Jackson* v. *Roberts,* 14 Gray, 546. *Smith* v. *Haynes,* 202 Mass. 531.

The fact, that the testator inherited a certain sum from his father and that the legatees mentioned in the first clause of the codicil were his only cousins on his father's side, is not enough, together with the other facts and circumstances stated in the agreed facts, to overcome the presumption that the gift was to the legatees as individuals.

The legatees were ascertained and described by name and were not so mentioned merely for the purpose of fixing the class membership. The testator gave to certain persons by name, who were so designated as to be fixed at the time of the gift. It was a legacy to them as individuals and not to them as a class, and the legacy to Charles N. Winslow therefore passed to the trustee under the twelfth article of the codicil. It follows that the legacy of $100,000 is to be divided as follows: $25,000 is to be paid to Josephine W. Whitaker daughter of Mary Elizabeth Whitaker, $25,000 is to be paid to the executor of the will of Amelia Ann Greene, $25,000 is to be paid in equal shares to Joseph B. Sherman and Henry W. Sherman, the issue of Wanton B. Sherman, and $25,000 is to be paid to the plaintiff under the twelfth

clause of the codicil as a part of the residue of the testator's estate.

In the first article of the codicil the testator bequeathed stocks and bonds to the amount of $100,000 to the legatees there mentioned. This was a general and not a specific bequest. *Johnson* v. *Goss*, 128 Mass. 433. *Parker* v. *Cobe*, 208 Mass. 260. At the time of his death the testator owned stocks and bonds in excess of $100,000. The legatees, therefore, are entitled to stocks and bonds equal to the amount of their legacies at their fair market value as of the time of the transfer, *Thayer* v. *Paulding*, 200 Mass. 98, *Fisk* v. *Cushman*, 6 Cush. 20, 27, 28, with interest on the amount due them from January 21, 1917, one year after the death of the testator, at the rate of four per cent per annum, to the time of the transfer to them of the stocks and bonds. St. 1915, c. 151, § 2. See *Gilbert* v. *Bachelder*, 223 Mass. 329; *Daniels* v. *Benton*, 180 Mass. 559; *Ogden* v. *Pattee*, 149 Mass. 82; *Kent* v. *Dunham*, 106 Mass. 586.

*Plaintiff to be instructed accordingly.*