FRED A. HOBBS, executor, *vs.* WILLIAM P. CHESLEY & others.

Suffolk. December 2, 1924. — January 29, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Devise and Legacy*, To individuals or to a class, Lapse, Intestacy.

A testatrix by her will gave the residue of her estate "to my said Nephew," W and F, "their heirs and assigns forever." F was living when the will was made but died before the testatrix without issue. The testatrix's next of kin were the nephew W and a grandnephew E. By previous clauses in the will she had given substantial legacies to each of the nephews named in the residuary clause, describing him in each case as her nephew and naming him. She also had given a small legacy to the grandnephew E. *Held*, that

(1) There was nothing in the other clauses of the will to indicate that the testatrix had in mind a class as the object of her bounty, rather than the individuals named, or that she intended to benefit the nephew surviving at her death rather than to benefit the two individual nephews, who were named;

(2) The legacy of a share of the residue to the nephew F lapsed and should be distributed as intestate property of the testatrix.

PETITION, filed in the Probate Court for the county of Suffolk on March 28, 1924, by the executor of the will of Mary E. Chesley, late of Chelsea, for instructions.

A motion that the petition be taken as confessed by Charles W. Chesley and Edgar A. Gibson was allowed. Edgar A. Gibson was alleged in the petition to be of parts unknown. By order of *Dolan,* J., the decree described in the opinion was entered. William P. Chesley appealed.

After the argument in this court, Edgar A. Gibson, whose whereabouts in the meantime had been ascertained and who had been served with notice, filed *pro se* a statement of contentions.

*F. O. Downes,* for the petitioner, stated the case.

*C. E. Haywood,* for the respondent William P. Chesley.

*E. A. Gibson, pro se,* filed a statement.

SANDERSON, J.   This is a petition for the construction of the will of Mary E. Chesley, who died December 6, 1922, brought by the executor of her will against William P. Chesley, Charles W. Chesley, and Edgar A. Gibson.   The will, dated February 1, 1917, was duly approved and allowed, and the petitioner, Fred A. Hobbs, appointed executor on February 1, 1923.   The testatrix, after making several bequests, provided in the fourth clause of her will as follows: "Fourth: I give and bequeath and devise to my said Nephew, William P. Chesley and Fred W. Chesley, their heirs and assigns forever, all the rest, residue and remainder of my estate, real, personal and mixed wherever situated and however and whenever acquired."   At the time the will was executed, both named beneficiaries were living, and were the nearest of kin of the testatrix; but Fred W. Chesley died without issue before her death.   At her death her heirs at law and next of kin were her nephew, William P. Chesley, and a grandnephew, Edgar A. Gibson.   A citation on the petition was served as ordered by the Probate Court.   The respondent, William P. Chesley, filed an answer, and the petition was taken for confessed as to Charles W. Chesley, Edgar A. Gibson, and all other parties interested who have not appeared.   A substantial sum of money is left to be distributed under the residuary clause hereinbefore quoted.   After hearing, the Probate Court entered a final decree that " the residue of the estate be distributed three-fourths to William P. Chesley and one fourth to Edgar A.

Gibson; that is to say, that the one half of the residue which Fred W. Chesley would have been entitled to receive had he survived the testatrix, is to be distributed as intestate property." William P. Chesley appealed from this decree.

The only question argued on this appeal is, whether by the residuary clause the whole residue passes to William P. Chesley as the sole surviving member of a class, or whether he takes one half of the residue and the other half is to be distributed as intestate property. The general rule is, that where there is a gift by will of a fund or residue to several legatees who are named, to be divided among them in equal shares, the gift is to them as individuals and not as a class. In such cases if one of the legatees dies before the testator the legacy intended for him lapses. *Jackson* v. *Roberts,* 14 Gray, 546. *Frost* v. *Courtis,* 167 Mass. 251. *Best* v. *Berry,* 189 Mass. 510. *Boston Safe Deposit & Trust Co.* v. *Reed,* 229 Mass. 267. The testatrix had by former clauses in her will given substantial legacies to each of the nephews named in the residuary clause, describing him in each case as her nephew and naming him. She had also given a small legacy to Edgar A. Gibson, referring to him as her grandnephew. There is nothing in the other clauses of the will to indicate that the testatrix had in mind a class as the object of her bounty, rather than the individuals named, or that she intended to benefit the nephew surviving at her death rather than to benefit the two individual nephews, who were named. *Boston Safe Deposit & Trust Co.* v. *Reed, supra.* The bequest was to William P. Chesley and Fred W. Chesley as named beneficiaries, and the word " Nephew " is used to identify them and not to describe a class. It follows that the one half of the residue which Fred W. Chesley would have been entitled to receive must be distributed as intestate property and be divided equally between William P. Chesley and Edgar A. Gibson.

The decree of the Probate Court is to be affirmed. Additional costs out of the fund are to be in the discretion of the court.

*Ordered accordingly.*