HENRY W. ASHLEY, executor, *vs.* NINA WHEELER LESTER & others.

Hampden. September 22, 1932. — December 20, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Devise and Legacy,* To individuals or to class.

Under a provision in a will that the residue should be "equally divided between my nieces . . . [naming two nieces] and my nephews . . . [naming four nephews] and heirs of . . . [another nephew]," the gift of the residue was to the persons named as individuals and not as a class; so that, one of the four nephews named having died before the testator, his issue, under G. L. (Ter. Ed.) c. 191, § 22, was entitled to one seventh of the residue.

PETITION for instructions, filed in the Probate Court for the county of Hampden on January 26, 1932, by the executor of the will of Alice E. Wheeler, late of Westfield.

Material portions of the will, material facts, and a decree entered by order of *Denison,* J., are described in the opinion. Charles G. Wheeler, one of the respondents, appealed.

The case was submitted on briefs.

*J. H. Mitchell,* for the respondent Charles G. Wheeler.

*H. B. Putnam*, for the respondents Nina Wheeler Lester and another.

CROSBY, J. This is a petition for instructions brought in the Probate Court for the county of Hampden by the executor of the will of Alice E. Wheeler. The material provision of the will is as follows: "After these legacies are paid the residue of my estate is to be equally divided between my nieces, Nina Wheeler Lester and Fidelia Isabelle Haskins, and my nephews Harry Wells Wheeler and heirs of Frederick Wilson Wheeler and Charles Stephen Wheeler and Perley Wyman Wheeler and Philip Lyman Wheeler." The will is dated April 3, 1925. The testatrix died August 19, 1927. Charles Stephen Wheeler, a nephew of the testatrix and one of the legatees above mentioned, predeceased the testatrix, having died on June 21, 1927, leaving as his only issue a son, the appellant.

The decree of the Probate Court was as follows: "1. That the testatrix intended, by the residuary clause of her will, to have the residue of her estate divided among the nieces and nephews named therein as a class; 2. That it was her intention that the 'heirs of Frederick Wilson Wheeler,' a nephew, should take his share; 3. That Charles Stephen Wheeler having died before the testatrix his heirs do not, therefore, take his share in' said residue; (Swallow *v.* Swallow 166 Mass. 241, Smith *v.* Haynes 202 Mass. 531); 4. That said executor distribute said residue in the following proportions to the following persons." Then follow the names of Nina Wheeler Lester, Fidelia Isabelle Haskins and Harry Wells Wheeler, who were each to take one sixth of the residue; Frederick D. Wheeler, Nellie L. Rickey, Estella F. Deland, and Wilson Warren Still, heirs of Frederick Wilson Wheeler, each to take one twenty-fourth; and Perley Wyman Wheeler and Philip Lyman Wheeler, each to take one sixth.

It is the contention of the appellant, Charles G. Wheeler, son and only heir of Charles Stephen Wheeler, that, properly construed, the will did not show an intention that the nieces and nephews should take as a class, and that he is entitled to the share in the residue which his father would have taken had he survived the testatrix.

The law pertinent to the question involved was stated by
Sanderson, J., in the recent case of *Hobbs* v. *Chesley,* 251
Mass. 155, at page 157, where it is said: "The general rule is,
that where there is a gift by will of a fund or residue to several
legatees who are named, to be divided among them in equal
shares, the gift is to them as individuals and not as a class."
This rule was recognized and enunciated in *Jackson* v.
*Roberts,* 14 Gray, 546, *Workman* v. *Workman,* 2 Allen, 472,
*Williams* v. *Punchard,* 217 Mass. 237, *Boston Safe Deposit
& Trust Co.* v. *Reed,* 229 Mass. 267, 271. This rule, how-
ever, will not prevail where it appears from the whole will
that the persons named were to take as a class and not as
individuals. *Jackson* v. *Roberts,* 14 Gray, 546, *Best* v. *Berry,*
189 Mass. 510, 513, *Boston Safe Deposit & Trust Co.* v. *Reed,*
229 Mass. 267, and cases cited. There is nothing in the will
now under consideration to take it out of the general rule
above stated. The words used in the wills in *Boston Safe
Deposit & Trust Co.* v. *Reed,* 229 Mass. 267, and *Hobbs* v.
*Chesley,* 251 Mass. 155, are substantially the same as in the
will here under consideration. In *Hobbs* v. *Chesley,* the resi-
due was given "to my said Nephew, William P. Chesley and
Fred W. Chesley . . ." (page 156). It was held that the
gift was to them as individuals; that the word "Nephew"
was used to identify them and not to describe a class and
that the share of one of them who predeceased the testatrix
without leaving issue must be distributed as intestate prop-
erty. As there is nothing in the other provisions of the will
under consideration showing a different intent on the part
of the testatrix, it follows that the legacies were bequeathed
to the persons named as individuals, and by virtue of G. L.
(Ter. Ed.) c. 191, § 22, the appellant takes the share given
to his father, Charles Stephen Wheeler, deceased. The cases
of *Swallow* v. *Swallow,* 166 Mass. 241, and *Smith* v. *Haynes,*
202 Mass. 531, are distinguishable in their facts from the
present case.

The decree of the Probate Court is to be modified by strik-
ing out paragraphs 1 and 3 and decreeing that Charles G.
Wheeler receive one seventh of the residue, that the five
persons who would each receive one sixth under the decree

of the Probate Court each receive one seventh, and that each of the four persons who would receive one twenty-fourth under the decree of the Probate Court receive one twenty-eighth; as so modified the decree is affirmed.

*Ordered accordingly.*