NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13436


THOMAS GIBNEY[1]  vs.  JOHN A. HOSSACK & another.[2]



Essex.     December 6, 2023. – April 10, 2024.

Present:  Budd, C.J., Gaziano, Kafker, Wendlandt, & Georges, JJ.


Devise and Legacy, Residuary interests, Survivorship.  Will,
     Construction.  Intent.  Practice, Civil, Presumptions and
     burden of proof, Summary judgment.  Uniform Probate Code.




     Complaint filed in the Essex Division of the Probate and
Family Court Department on October 4, 2019.

     The case was heard by Jennifer M.R. Ulwick, J., on a motion
for summary judgment.

     The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


     Juliet A. Davison for John A. Hossack.
     Frank P. Muzio for the plaintiff.




     [1] Individually and as personal representative of the estate
of Heather W. Hossack.

     [2] Donald Etchison, interested party.

WENDLANDT, J.   "Death is not the end; there remains the litigation over the estate."[3]   The legal system long has used default rules of construction to resolve estate litigation over the terms of a will; these rules purport to reflect a testator's presumed intent in the absence of contrary evidence.   One such default rule is set forth in G. L. c. 190B, § 2-603 (anti-lapse statute), of the Massachusetts Uniform Probate Code (MUPC).   It generally provides that where a devisee falls within a class of specific familial relatives of the testator and where the devisee predeceases the testator, the devise does not lapse; instead, the devise falls to the living issue of the predeceased devisee.   The rule is based on a judgment about the typical testator's probable intent to preserve the devise for the predeceased devisee's lineal descendants, thereby keeping the devise in the family.   A testator can avoid the default presumption by indicating "a contrary intention shown by the terms of the will."   G. L. c. 190B, § 2-601.

This case presents the question whether a testator's choice to make a devise to an individual "if she survives me," demonstrates a contrary intention to avoid application of the anti-lapse statute.   Concluding that in the present circumstance it does, we affirm the well-reasoned decision of the Probate and

---

[3] 8 A. Bierce, The Collected Works of Ambrose Bierce 365 (1911).

Family Court judge allowing summary judgment in favor of Thomas Gibney, the devisee of the residuary estate as set forth in the last will and testament (will) of Heather W. Hossack (Heather or decedent).

1. Background. The material facts relevant to our decision largely are undisputed; where disputes persist on summary judgment, we consider the facts in the light most favorable to the nonmoving party, here, John A. Hossack (John).[4] See Hill-Junious v. UTP Realty, LLC, 492 Mass. 667, 668 (2023).

In March 2019, Heather died. She was forty-eight years old. Heather was single and had been in a long-term relationship with her partner, Donald Etchison; Gibney was her neighbor and friend of many years. Gibney was Heather's primary health care proxy.[5] Heather did not have children. She was predeceased by her parents, but survived by her brother, John.

a. The will. In March 2016, three years prior to her death and shortly after her father died, Heather executed her

---

[4] Because they share a surname, we refer to Heather and John Hossack by their first names to avoid confusion.

[5] Etchison was the alternative health care proxy.

will,[6] setting forth her desired distribution of her cash assets, her personal and real property, and the remainder of her estate.

More specifically, Heather devised cash assets held in "Baird accounts and U.S. Trust accounts"[7] to her mother, Ethel Wyman, "if she survives me."  At the time of the will's execution, Wyman was eighty-five years old.  In addition, Heather devised cash assets held in "Fidelity accounts" to John, the only other living member of her immediate family.  His devise also was conditioned "if he survives me."  The will specified the meaning of "surviv[ing]" the decedent, providing:

> "Requirement of Survival.  No beneficiary shall be considered to have survived me and to be entitled to any of my estate unless such beneficiary survives me for at least NINETY (90) days."

Heather left all her tangible personal property and her real property to Etchison.  Unlike the devises to Wyman and John, Etchison's devises were "per stirpes."[8]

---

[6] Heather executed the will immediately before she was scheduled to have surgery.  She did not alter her will after the surgery.

[7] Gibney's complaint states that "the Baird accounts are not at issue in this [c]omplaint" because "[Heather] named [John] as the beneficiary of the Baird accounts."

[8] "Per stirpes" means that the descendants of a deceased devisee take "the same share or right . . . as their parent would have taken if living."  2 T.H. Belknap, Newhall's Settlement of Estates and Fiduciary Law in Massachusetts § 24:4, at 44 (5th ed. 1997).

Heather named Gibney the devisee of the residuary estate. This residuary devise, like Etchison's devise, was "per stirpes."

The will was drafted by a Connecticut attorney, who was, at the time, an associate in a Connecticut-based law firm.[9] To convey to the attorney her desired disposition of her assets, Heather filled out a questionnaire. The attorney prepared a draft and reviewed it with Heather by telephone, making certain changes thereafter.

At his deposition, the attorney could not recollect many of the details of his conversations with Heather. However, he testified that because he knew that Wyman was elderly, he had explained to Heather that if Wyman predeceased her, the Baird and U.S. Trust account assets would lapse to the residuary estate and be distributed to Gibney, the devisee of the residuary estate. The attorney could not recall which Massachusetts statutes, if any, he had consulted in connection with his advice to Heather.

---

[9] The attorney was not admitted to practice in Massachusetts. The attorney was part of the law firm that had represented Heather in her capacity as the personal representative of her father's estate, which was probated in Connecticut, from 2014 to 2018. She inherited the U.S. Trust accounts from her father. Heather's father died shortly before Heather's will was drafted, and the same firm handled Heather's father's estate.

b. Probate proceedings. Following Heather's death, Gibney was appointed the personal representative of her estate, in accordance with the will.[10] See G. L. c. 190B, § 3-614. Heather's will was admitted to probate, after the Probate and Family Court judge found that "[t]he will is valid and unrevoked."[11]

Counsel for the estate informed John that, because Wyman did not survive Heather,[12] the devise to Wyman lapsed, and that the U.S. Trust accounts would fall to the residuary estate. John challenged this interpretation of the will, contending that the anti-lapse statute required that the failed devise fall to him.

Gibney, the named beneficiary of the residuary estate, filed a complaint, seeking a declaration pursuant to G. L. c. 231A, § 1, and instructions pursuant to G. L. c. 215, § 6, that the decedent's use of the words "if she survives me" in her devise to Wyman evinced the decedent's intent to avoid application of the anti-lapse statute. The judge allowed summary judgment in favor of Gibney.

---

[10] The will designated Gibney the "Executor."

[11] John does not contest the will's validity.

[12] In April 2018, two years after Heather executed her will and one year before Heather died, Wyman died.

John timely appealed, and we transferred the case to this court on our own motion.

2. Discussion. a. Standard of review. "Our review of a decision on a motion for summary judgment is de novo." Metcalf v. BSC Group, Inc., 492 Mass. 676, 680 (2023), quoting HSBC Bank USA, N.A. v. Morris, 490 Mass. 322, 326 (2022). "Viewing 'the evidence in the light most favorable to the party against whom summary judgment entered,' . . . '[s]ummary judgment is appropriate where there is no material issue of fact in dispute and the moving party is entitled to judgment as a matter of law.'" Metcalf, supra at 681, quoting HSBC Bank USA, N.A., supra at 326-327.

This case requires us to consider whether the phrase "if she survives me," which is a condition precedent of the devise to Wyman, together with the other terms of the will, demonstrate, as a matter of law, a "contrary intention shown by the terms of the will" to defeat application of the anti-lapse statute. G. L. c. 190B, § 2-601. John contends that while the language "if she survives me" evinces Heather's intent that Wyman had to survive Heather in order to take the devise, the language is ambiguous as to the disposition of the devise if Wyman did not survive Heather. Accordingly, John maintains that there remains a material factual dispute as to Heather's intent precluding summary judgment.

     b.   Anti-lapse statute and testator's intent.   "The

fundamental object in the construction of a will is to ascertain

the testator's intent[] from the whole instrument, attributing

due weight to all its language, considered in light of the

circumstances known to the testator at the time of its

execution, and to give effect to that intent unless some

positive rule of law forbids."  Flannery v. McNamara, 432 Mass.

665, 667-668 (2000), quoting Putnam v. Putnam, 366 Mass. 261,

266 (1974).  If the language of the will is unambiguous,

"extrinsic evidence to explain its terms is inadmissible."[13]

Flannery, supra at 668, quoting Putnam, supra.

     The MUPC[14] sets forth certain rules of construction that

provide default assumptions about a testator's intent, see G. L.

c. 190B, §§ 2-602 to 2-610; the rules are based on a judgment as

to the typical testator's probable desires had the testator had

the foresight to consider the issue.  See Restatement (Third) of

Property:  Wills and Other Donative Transfers § 5 introductory

note, at 344 (1999) (default rules "apply because, and only to

the extent that, the testator . . . failed to address the issue

---

     [13] As we explain infra, the language of Heather's will is
unambiguous; we therefore do not consider extrinsic evidence in
determining Heather's intent.

     [14] The MUPC, which was enacted on January 15, 2009, see
St. 2008, c. 521, governs the will, which was executed in 2016.

explicitly in a will provision").  Thus, these presumptions govern the interpretation of a will "[i]n the absence of a finding of a contrary intention shown by the terms of the will." G. L. c. 190B, § 2-601.

One such default rule of construction is the anti-lapse statute, which provides in relevant part:  "[i]f a devisee who is . . . a lineal descendant of a grandparent [of the testator] . . . . fails to survive the testator, . . . the issue of the deceased devisee who survive the testator take in place of the deceased devisee."  G. L. c. 190B, § 2-603.[15]

Applied to the present case, if the anti-lapse statute governs Heather's will, the U.S. Trust accounts, which were devised to Wyman, a "lineal descendent of [Heather's] grandparent," who "fail[ed] to survive the testator, [Heather]," fall to John, "the issue of the deceased devisee[, Wyman,] who survive[d] the testator[, Heather]."  G. L. c. 190B, § 2-603. If, however, the anti-lapse statute does not apply, Wyman's

---

[15] At common law, if a devisee predeceased the testator, the devise lapsed unless the will disclosed a contrary intention. See Hobbs v. Chesley, 251 Mass. 155, 157 (1925); Worcester Trust Co. v. Turner, 210 Mass. 115, 121 (1911).  The essential purpose of the "anti-lapse" statutes in the Commonwealth, including its most recent iteration in the MUPC, is "to provide that legacies and devises to certain relatives who predecease the testator pass to specified substitute takers, usually the descendants of the predeceased devisee who survive the testator."  14E H.J. Alperin, Summary of Basic Law § 18:23, at 46 (5th ed. 2014), citing Restatement (Third) of Property:  Wills and Other Donative Transfers § 5.5 & comments c, d.

devise passes to the residuary estate devised to Gibney.  See

G. L. c. 190B, § 2-604 ("a devise, other than a residuary

devise, that fails for any reason becomes a part of the

residue").

c.  Language of survivorship.  The anti-lapse statute is

grounded in the judgment that the typical testator probably did

not intend to "disinherit[] a line of descent."  Restatement

(Third) of Property:  Wills and Other Donative Transfers § 5.5

comment f, at 383.  See generally Halbach & Waggoner, The UPC's

New Survivorship and Antilapse Provisions, 55 Alb. L. Rev. 1091,

1099 (1992) (stating that anti-lapse statutes "give effect . . .

to what are perceived as highly probable intentions.  They

prevent unintended disinheritance of one or more lines of

descent, by presumptively creating an alternative or substitute

gift in favor of the descendants of certain of the decedent's

predeceased relatives").

When a will imposes no survivorship condition or alternate

disposition on a devise if the devisee predeceases the testator,

there is no indication in the terms of the will that the

testator contemplated the possibility that the devisee might

predecease her.  As such, the anti-lapse statute fills in the

testator's missing intent with a presumption against

disinheritance of certain lineal descendants, allowing the

devisee's living issue to take in the devisee's stead.  G. L.

c. 190B, § 2-603.  Accord <u>Dewire</u> v. <u>Haveles</u>, 404 Mass. 274, 277 n.5 (1989) ("The policy underlying [the anti-lapse statute] might fairly be seen as supporting, as a rule of construction . . . , the substitution of a class member's surviving issue for a deceased class member if the class is made up of children or other relations of the testator").

A different situation is presented here.  The language "if she survives me" evinces that Heather had the foresight to consider that the devisee -- Wyman, her eighty-five year old mother -- might predecease her and, upon such consideration, conditioned the devise upon the devisee's survival.  There is no need to substitute a judgment (in the form of the rule of construction embodied in the anti-lapse statute) as to what the testator might have done if she had considered the issue; Heather contemplated the eventuality and provided for it expressly in the will.  In these circumstances, the anti-lapse statute's presumed intention must cede to the expressed intention of the testator:  that the devise fail, or lapse, if the survivorship condition is not met.[16]

---

[16] While not dispositive, this appears to be the understanding prevalent among practitioners in the Commonwealth. See Drafting Wills and Trusts in Massachusetts § 1.9.2 (Mass. Cont. Legal Educ. 6th ed. 2023) ("The [MUPC] attributes to words of survivorship their plain meaning; such language is sufficient to avoid the anti-lapse statute"); Massachusetts Basic Practice Manual § 1.2.3(i) (Mass. Cont. Legal Educ. 7th ed. 2022) ("In

Our conclusion in this regard is informed by the Legislature's rejection of Uniform Probate Code (UPC) § 2-603(b)(3) -- a proposed subsection of the anti-lapse statute that set forth a rule of construction suggested here by John. Specifically, UPC § 2-603(b)(3), provided, in relevant part: "words of survivorship, such as in a devise to an individual 'if he [or she] survives me,' . . . are not, in the absence of additional evidence, a sufficient indication of an intent contrary to the application of [the anti-lapse statute]." Uniform Probate Code § 2-603(b)(3), 8 U.L.A. (Part I) 146 (Master ed. 2023).

---

order to avoid the question of whether the devise lapses under the Massachusetts anti-lapse statute if the beneficiary predeceases the testator, the phrase 'if he [or she] survives me' should be used"); A Practical Guide to Estate Planning in Massachusetts § 3.1.4(l) (Mass. Cont. Legal Educ. 5th ed. 2022) ("It is always best to avoid the complexities involved in the application of [the anti-lapse] statute by providing in the will for the possibility of a beneficiary predeceasing the testator by use of phrases such as the following:  If he survives me"); Drafting Wills and Trusts in Massachusetts § 1.9.2 (Mass. Cont. Legal Educ. 3d ed. 2013) (legacy specifying "that the relative must survive the testator as a condition of receiving the legacy" avoids legacy "pass[ing] to the relative's issue"); M.A. Leahy, R.C. Barry, Jr., & B.P. Willensky, Massachusetts Bar Association, Drafting the Simple Will 10-11 (2008) ("If 'to Jason James, if he survives me,' then bequest will lapse if Jason does not survive the testator . . . .  If 'to Jason James,' the anti-lapse statute applies"); Halbach & Waggoner, The UPC's New Survivorship and Antilapse Provisions, 55 Alb. L. Rev. at 1104 (discussing common understanding "that attaching words of survivorship to a devise is a foolproof method of defeating an anti[-]lapse statute").

Under the proposed subsection, the testator would have had to make an explicit statement of disinheritance or to identify an alternative devisee to avoid the anti-lapse statute.  See Uniform Probate Code § 2-603 comment, 8 U.L.A. (Part I) 150 (Master ed. 2023).[17]  Given the comprehensive scheme set forth in the MUPC, we regard the Legislature's rejection of this proposal as purposeful.  Cf. City Elec. Supply Co. v. Arch Ins. Co., 481 Mass. 784, 788 (2019), quoting Leary v. Contributory Retirement Appeal Bd., 421 Mass. 344, 348 (1995) ("When interpreting the absence of language in an otherwise 'detailed and precise [statute], we regard [an] omission as purposeful'").

In the present case, the devise is to Wyman, who was in her mid-eighties when Heather executed the will, "if she survives me."  Absent language in the will to the contrary, this language sufficed to show Heather's intent to avoid the anti-lapse statute.  See Flannery, 432 Mass. at 667, quoting Putnam, 366 Mass. at 266 (we must "ascertain the testator's intention from

---

[17] Because the UPC's comments provide a rationale for a subsection of the anti-lapse statute that the Legislature did not adopt, John's reliance on them is misplaced.  See Uniform Probate Code § 2-603 comment, 8 U.L.A. (Part I) 149-152.  The UPC editors' proposed subsection and the attendant comments have been criticized for misapprehending the case law, citing to cases that subsequently were superseded, and substituting the editors' boilerplate language for the generally accepted words of survivorship.  See Cooper, A Lapse in Judgment:  Ruotolo v. Tietjen and Interpretation of Connecticut's Anti-Lapse Statute, 20 Quinnipiac Prob. L.J. 204, 211-218 (2007).

the whole instrument" [emphasis added]).  Rather than calling into question this conclusion, the will as a whole supports it.  In particular, the will specifies that a devisee is only considered to have "survived" Heather if the devisee survives her for at least ninety days, further evincing that the circumstance of a predeceased devisee was contemplated and specifically considered.  In addition, the devises to Wyman and John are conditioned "if [he or she] survives me," while the devises to Gibney and Etchison are made "per stirpes"; in other words, where Heather intended that a devise should fall to a deceased devisee's issue, she did so expressly.  The absence of similar language for Wyman and John bolsters our conclusion that Heather intended for Wyman and John to receive their devises only if they survived her; otherwise, these devises would lapse and fall to the residuary estate.[18]

Order granting summary
judgment affirmed.

---

[18] Because the will is not ambiguous, we need not consider extrinsic evidence.  See Flannery, 432 Mass. at 668.