ELLIS L. DRESEL, administrator *de bonis non* with the will annexed, *vs.* CAROLINE H. KING & others.

Worcester.    March 3, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Devise and Legacy.*

The will of a testatrix after various pecuniary legacies contained the following residuary clause : " I direct my executor hereinafter named to convert all the rest and residue of my estate into cash and to divide the same among the pecuniary legatees hereinbefore named in proportion to their several pecuniary legacies; but should my estate not herein specifically devised be insufficient to pay all my debts, charges of administration, and the pecuniary legacies herein given, said pecuniary legacies are to be proportionately abated." One of the legatees was a corporation and most of them were not relatives of the testatrix or of one another. One of them to whom $10,000 had been left died, leaving no issue. On a bill by the executor of the will for instructions, it was *held*, that the residuary clause showed an intention of the testatrix to make a complete disposition of all her property, and that the lapsed legacy of $10,000 to the deceased legatee became a part of the residue; *also*, that the residuary clause should be treated as if the legatees referred to were mentioned by name and that it gave to each legatee his proportional share; therefore, that the legacy of the deceased legatee under that clause, consisting of his proportional share of the residue, lapsed and must be distributed among the next of kin of the testatrix as property undisposed of by her will.

Where by the residuary clause of a will certain persons are to receive the residue in proportions named, and one of them dies before the testator, leaving no issue, so that the legacy to him lapses, his share, being a part of the residuum itself, does not pass to the remaining residuary legatees, but is left undisposed of by the will, and must be distributed as intestate property.

BILL IN EQUITY, filed in the Supreme Judicial Court on July 24, 1907, by the administrator *de bonis non* with the will annexed of the estate of Sarah L. King, late of Worcester, for instructions.

The case came on to be heard before *Rugg*, J., who reserved it upon the bill and answers for determination by the full court, such decree to be entered as justice and equity might require.

The case was submitted on briefs.

*F. S. Goodwin*, for the pecuniary legatees.

*A. S. Pinkerton, F. B. Smith & T. H. Gage, Jr.*, for the defendants.

KNOWLTON, C. J.   This is a bill brought by an administrator with the will annexed for instructions as to the meaning of the will.   The fourteenth clause of the will is as follows: " I direct my executor, hereinafter named, to convert all the rest and residue of my estate into cash and to divide the same among the pecuniary legatees hereinbefore named, in proportion to their several pecuniary legacies; but should my estate not herein specifically devised be insufficient to pay all my debts, charges of administration and the pecuniary legacies herein given, said pecuniary legacies are to be proportionally abated."

One of the pecuniary legatees, to whom $10,000 was given by the will, died before the testatrix, leaving no issue.   Her legacy, therefore, lapsed, and the first question argued is whether it fell into the residuum, or passed to the next of kin of the testatrix.

We think that the residuary clause has the distinguishing characteristics of a true residuary clause which indicates a purpose of the testator thereby to include all his estate that is not actually disposed of in other parts of his will, and thus to make a complete disposition of all his property.   We think it plain that this lapsed legacy is to be disposed of under the residuary clause.

The most difficult question in the case is whether the gifts in this clause are to the pecuniary legatees as a class, so that on the death of one of them the whole amount goes to the survivors, or whether they are gifts to them as individuals, to hold as tenants in common in the proportions specified.   The legatees are not mentioned by name, but their identity as individuals is plainly shown.   They are not in the ordinary sense members of a distinct class, for they have no relation to one another except as recipients of the testatrix's bounty.   One of them is a corporation, and most of them are not relatives of the testatrix or of one another.   We are of opinion that the clause should be construed as if they were severally mentioned by name, to receive each a share in the proportion specified.   If this is the meaning, under the rule stated in *Jackson* v. *Roberts*, 14 Gray, 546, the gift to any one of them who died before the testatrix would lapse.   Such a result was reached in *Sohier* v. *Inches*, 12 Gray, 385 ; *Lombard* v. *Boyden*, 5 Allen, 249 ; *Cummings* v. *Bramhall*, 120 Mass. 552 ; *Frost* v. *Courtis*, 167 Mass. 251, and

*Lyman* v. *Coolidge*, 176 Mass. 7. The strongest case cited for the pecuniary legatees on this point is *Prescott* v. *Prescott*, 7 Met. 141, but the language of the will in that case was much less specific, as pointing to the individuals and to distinct proportions, than it is in this. We are of opinion that the present residuary clause should be treated as if it mentioned the legatees by name, and gave his proportional share in terms to each.

In this view, the share that was given to Annette M. Alden, which was twenty two hundred and fifty thirds, 20/253, of the entire residue, lapsed, and passed to the next of kin as property undisposed of by the will.

It is contended that this share goes to the other residuary legatees. But as to this share, which is a part of the residuum, they are not residuary legatees. In *Lyman* v. *Coolidge*, 176 Mass. 7, 9, this court said : " But where a legacy lapses, which is part of the residue it cannot, according to our decisions, fall into the residue, because it is itself a part of the residue, and it must pass as intestate estate." This rule was also stated and applied in *Sohier* v. *Inches*, 12 Gray, 385 ; *Lombard* v. *Boyden*, 5 Allen, 249 ; *Frost* v. *Courtis*, 167 Mass. 251 ; *Powers* v. *Codwise*, 172 Mass. 425, and *Best* v. *Berry*, 189 Mass. 510. It prevails in other jurisdictions. *Kerr* v. *Dougherty*, 79 N. Y. 327, 346, 349. *Hard* v. *Ashley*, 117 N. Y. 606. *Humble* v. *Shore*, 7 Hare, 247. *Bagwell* v. *Dry*, 1 P. Wms. 700.

It follows that the proportional part of the residuum which would have gone to Annette M. Alden if she had survived the testatrix will be divided among the next of kin.

*So ordered.*