OLD COLONY TRUST COMPANY, trustee, *vs.* MARIAN STETSON
& others.

Middlesex.   October 4, 1950. — January 4, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Devise and Legacy,* Identity of beneficiary, Remainder, Residue, Lapse,
Intestacy, To individuals or to class.   *Identity.*

A will, which by its second clause established a trust and, upon termi-
nation of certain life interests therein, gave the principal thereof "to
my two residuary legatees hereinafter named" and which in its thir-
teenth clause named two persons "as my residuary legatees" and gave
them the residue in equal shares, did not make the trust principal a
part of the residue, but merely referred to the two persons named in
the residuary clause as a means of identifying the beneficiaries of the
principal; and, one of the two having died without issue before the
testatrix, his share of the principal did not pass directly as intestate
property but lapsed and fell into the residue, so that one half of his
share of the principal passed to the other of the two as residuary
legatee and the other half of his share thereof passed as intestate
property.

A certain provision of a will giving the principal of a trust to two named
persons, when construed with the other provisions of the will, including
provisions giving them some of the income of the trust and the residue
of the estate "in equal shares," constituted a gift of the principal to
them as individuals in equal shares and not a gift to them as a class.

PETITION for instructions, filed in the Probate Court for
the county of Middlesex on September 28, 1949.

The case was reserved and reported by *Monahan,* J.

*J. J. Bush,* stated the case.

*J. L. Hall,* (*R. G. Lockwood & F. Dexter* with him,) for
Page, executor.

*C. C. Cabot,* (*F. C. Scribner, Jr. & F. C. Underhay* with
him,) for Stetson.

RONAN, J.   The trustee under the will of Harriet N. Lov-
ett filed this petition seeking instructions as to whom and
in what amounts distribution should be made of the prin-

cipal of a trust which has terminated upon the death of the last life beneficiary. The case was reserved and reported without decision by the judge of the Probate Court upon a record containing the pleadings and a statement of agreed facts.

The testatrix by the second clause of her will bequeathed $200,000 worth of her best securities in trust "To pay from the income eight thousand dollars ($8,000) a year in monthly payments to my said niece Harriet L. Beal during her life; if her husband Albert H. Beal shall survive her, to pay from said income to him the sum of five thousand dollars ($5,000) annually during his life in monthly payments; to pay the surplus income to my two residuary legatees, hereinafter named, in equal shares; upon the decease of both said Harriet L. Beal and said Albert H. Beal, I bequeath the principal of this trust fund to my two residuary legatees hereinafter named." The thirteenth clause read as follows: "I name as my residuary legatees Joseph A. Stetson, and Marian Stetson, son and daughter of the late John G. Stetson, and I give and bequeath to them in equal shares all of my property not hereinbefore devised and bequeathed."

Harriet L. Beal was the niece and sole heir at law of the testatrix. Joseph A. Stetson and Marian Stetson were the children of a first cousin of the testatrix. Harriet L. Beal died testate on May 9, 1947, and her husband Albert H. Beal on July 20, 1949. Joseph A. Stetson predeceased the testatrix leaving no issue. Under a petition for instructions brought in 1911 a single justice of this court entered a decree, assented to by the parties, that the one half share given to Joseph A. Stetson in the residuary clause lapsed upon his death before the death of the testatrix and became intestate property, and went to Harriet L. Beal, the next of kin. The respondents in this proceeding are Marian Stetson, The New England Trust Company, administrator with the will annexed of the estate of Harriet N. Lovett, and Rodney G. Page, the executor under the will of Harriet L. Beal.

The executor under the will of Harriet L. Beal contends that the bequest of the principal of the trust was a gift to

Joseph and Marian Stetson as tenants in common, that one half of the principal, being Joseph's share, was a part of the residuary estate and passed directly by intestacy to Harriet L. Beal or, if not, that this one half share lapsed and fell into the residue to be equally divided between Marian Stetson and the estate of Harriet L. Beal. The administrator with the will annexed of the estate of the testatrix contends that one half of the principal goes to Marian and that the remaining one half lapsed by reason of the death of Joseph before the death of the testatrix and fell into the residue and should be divided equally between Marian and the testatrix's heir at law. Marian Stetson contends that the entire principal of the trust fund should go to her as the principal was bequeathed to Joseph and herself as joint tenants or to them as a class; and that as she survived Joseph she is entitled to the entire principal.

The principal of the trust upon its termination was to go to the two persons who were named as residuary legatees. This was a proper description of the two beneficiaries who were to take the principal of the trust under the second clause of the will which provided not only for the creation and administration of the trust but also for the distribution of the income and the corpus upon the termination of the trust. There is no connection between this clause and the residuary clause, except that one would have to refer to the latter clause to ascertain who was to share in the principal of the trust. The testatrix did not provide that those named in the residuary clause should take the trust principal in their capacity as residuary legatees, but merely referred to the persons named in the residuary clause as a means of identifying the legatees of the principal of the trust. There is a plain distinction between designating those named as residuary legatees as the recipients of a particular legacy and directing that the property included in a particular legacy should be transferred to and become a part of the residue. The testatrix did not bequeath the trust principal as part of the residue, and Joseph's entire share in the principal did not pass as intestate property to the next of kin. The

governing principles are fully set forth in *Arnold* v. *Arnold,* 2 Myl. & K. 365, *Smith* v. *Livermore,* 298 Mass. 223, *Old Colony Trust Co.* v. *Rhodes,* 299 Mass. 390, 394, *Louisville Presbyterian Theological Seminary* v. *Fidelity Trust & Safety Vault Co.* 113 Ky. 336, *Matter of Title Guarantee & Trust Co.* 195 N. Y. 339, *Matter of Reynolds,* 242 N. Y. 389, *Grant's Estate,* 151 Pa. Super. Ct. 104, and Page, Wills (3d ed.) § 992.

We next consider the contention of Stetson that she and her brother Joseph were given the principal of the trust jointly or that it was bequeathed to them as a class, so that in either case the entire fund should go to her as the sole survivor. The provision disposing of the principal must be construed with the other provisions of the will in the light of the knowledge possessed by the testatrix of the material circumstances attending the execution of the instrument in order to ascertain her testamentary intent and to give effect to that intent unless prevented by some positive rule of law. *Ware* v. *Minot,* 202 Mass. 512, 516. *Sewall* v. *Elder,* 279 Mass. 473, 476–477.

The general rule is that a gift to several legatees described by name of an aggregate sum to be divided equally among them is a gift to them as individuals and not as members of a class, *Frost* v. *Courtis,* 167 Mass. 251, *Boston Safe Deposit & Trust Co.* v. *Reed,* 229 Mass. 267, *Flye* v. *Jones,* 283 Mass. 136, 138; but this rule has not been followed, as shown by cases relied upon by Stetson, if the will shows that the testator intended to give a single fund to a single group so that he had in mind not the individuals named but the group itself as the object of his bounty, and in so construing the will as a gift to a class and not to individuals, the court is merely enforcing the intention of the testator. *Fitts* v. *Powell,* 307 Mass. 449. *New England Trust Co.* v. *Berry,* 310 Mass. 35. *Old Colony Trust Co.* v. *Treadwell,* 312 Mass. 214.

We turn to the will to discover the testamentary intention. The testatrix had made devises, specific legacies, and pecuniary legacies. The value of all these devises and legacies

was certain, and it was not until she came to the disposition of the income and principal of the trust and the residuary estate that she did not know the amount of property that would eventually be involved in these three items, and as to them she changed her plan and, instead of naming a single beneficiary, she named or described two persons as legatees. She gave the excess income to Joseph and Marian in equal shares. She made a similar disposition of the residue. She preferred the trust over the residue for she directed her executors to select $200,000 worth of her best securities (preferably nontaxable) for the principal of the trust. After providing for the disposition of the income, her mind naturally turned to the distribution of the principal. She described the recipients of the principal as the two persons named in the residuary clause. Equality of treatment between these two legatees was the method she expressly adopted in the distribution of the excess income and the residue. In almost one breath she provided for the disposition of the excess income and the principal of the trust, and in doing so she had in mind the residuary clause calling for an equal division of the residuary estate between those to whom she had bequeathed the principal of the trust. The wording of the bequest of the trust principal takes color and meaning from the setting in which it was employed; and, although there is no express mention of equal shares of the principal to the two legatees, those portions of the will dealing with the distribution of excess income, trust principal, and the residue, all of which were given to the same two legatees, when considered together, are pregnant with the implication that these legatees were to have equal shares in the principal. In *Boynton* v. *Boynton*, 266 Mass. 454, the two daughters of the testator were given equal shares of the income of a trust remaining after the payment of certain amounts to his widow and his son and to his issue if he died leaving issue, and upon the death of the widow and son the trustees were directed to divide all the remaining property between the two daughters. One of the daughters died before the testator, and the surviving

daughter contended that she was entitled to the entire principal of the trust. It is to be noted that, although they were given equal shares in the income, no express mention was made of equal shares in the principal. It was decided that the testator intended that each should have an equal share in the principal. It was said at page 460, "In our opinion the gift to Cecil and Bertha was a gift to them as individuals. In addition to the fact that each was called by name, the words, 'to divide . . . between my said daughters,' as well as the words, 'each one half' and 'to be equally divided,' in the preceding paragraph [providing for the distribution of income], satisfy us that the testator had in mind a gift to his daughters Bertha and Cecil individually rather than a gift to them as joint tenants or a gift to a class." See also *Hobbs* v. *Chesley*, 251 Mass. 155.

Joseph predeceased the testatrix and died without issue. His share of the principal of the trust fund lapsed but it did not pass as intestate property as there was a residuary clause which would prevent that. His share fell into the residue, increasing the amount of property included in the residuary estate. *Dresel* v. *King*, 198 Mass. 546, 548. *Wellman* v. *Carter*, 286 Mass. 237, 255. Marian took one half of Joseph's share when it became a part of the residue. Joseph's legacy, however, of one half of the residue itself or one fourth of the principal of the trust cannot again pass into the residue but must pass as intestate property. *Lyman* v. *Coolidge*, 176 Mass. 7. *Worcester Trust Co.* v. *Turner*, 210 Mass. 115, 121–122. *Old Colony Trust Co.* v. *Johnson*, 314 Mass. 703, 712. *Stetson* v. *Eastman*, 84 Maine, 366. *Matter of Cornish*, 173 Misc. (N. Y.) 343.

It follows that Marian Stetson is entitled to one half of the principal of the trust bequeathed to her under the second clause of the will and one half of Joseph's share of the principal which fell into the residue as she was bequeathed one half of the residuary estate, or in all to three fourths of the principal of the trust, and that the remaining one fourth became intestate property of the estate of Harriet N. Lovett and should be paid to the executor under the will

of Harriet L. Beal.  See *Springfield Safe Deposit & Trust Co.* v. *Dwelly,* 219 Mass. 65.

A decree in accordance with this opinion is to be entered in the Probate Court.  Costs and expenses of this appeal may be allowed in the discretion of the Probate Court.

*So ordered.*