HAROLD S. R. BUFFINTON, executor, *vs.* OLIVE B. MASON
& another, executors, & others.

Bristol.     October 23, 1950. — March 15, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Devise and Legacy*, Taxes, Individuals or class, Lapse, Intestacy. *Words*,
"All inheritance taxes," "Residuum."

A testamentary gift of the residue in equal shares to named persons was
to them as individuals and not as a class, and the share of one of them
who predeceased the testator leaving no issue lapsed and passed as
intestate property.

Under a will containing both special and residuary legacies, followed by a
provision directing that "all inheritance taxes . . . be paid from the
residuum of my estate so that all legacies will be paid in full," the
Federal estate tax and the Massachusetts inheritance taxes on both the
special and residuary legacies, including a share of the residue which
lapsed and passed as intestate property, must be paid from the residue;
and the method of paying them and of distributing the balance was
stated by this court.

Charging the Federal estate tax and the Massachusetts inheritance taxes
on all special and residuary legacies under a will to a share of the resi-
due which passed as intestate property through lapse was error in view
of a direction in the will that "all inheritance taxes . . . be paid from
the residuum . . . so that all legacies will be paid in full."

PETITION for instructions, filed in the Probate Court for
the county of Bristol on December 1, 1949.

The case was heard by *Considine*, J.

*R. C. Westgate*, stated the case.

*R. K. Hawes*, (*R. K. Hawes, Jr.*, with him,) for the
respondent Weaver.

*W. S. Downey*, for the respondent Sheehan.

WILLIAMS, J.  This is an appeal from a decree of the Pro-
bate Court entered upon a petition for instructions by the
executor of the will of Ella K. Mason, late of Fall River,
who died on February 5, 1947.

After the provisions for the payment of debts and funeral

expenses and for several small bequests, the will, which is dated August 6, 1940, provides in paragraph 12 for the disposal of the residue of the estate as follows: "All the rest and residue of my estate, of whatsoever nature it may be, I give, devise and bequeath in equal shares as follows:

"A. One sixth of said rest and residue to Gladys Mason Ball Sheehan, In Trust Nevertheless, the income therefrom to be paid regularly to Harry Ball of Philadelphia, Pennsylvania, and if the said income is not sufficient for his comfort and support, I direct my said trustee to use so much of the principal as may be necessary for his proper comfort and support. On the death of the said Harry Ball, this trust shall terminate and I give, devise and bequeath whatever remains of the principal of the said trust to Gladys Mason Ball Sheehan.

"B. One sixth of said rest and residue to Annie Hillard Pitt, of said Fall River.

"C. One sixth of said rest and residue to Sarah S. Mason, of said Fall River.

"D. One sixth of said rest and residue to William Frederick Mason, of said Fall River.

"E. One sixth of said rest and residue to Gladys Mason Ball Sheehan.

"F. One sixth of said rest and residue to Rachel M. Brown, of said Fall River, daughter of the late Jane Brown."

In the following paragraph numbered 13 it is provided that "All inheritance taxes are to be paid from the residuum of my estate so that all legacies will be paid in full."

Harry Ball, the beneficiary of the trust created by paragraph 12A, and Annie Hillard Pitt, the residuary legatee named in paragraph 12B, predeceased the testatrix. Rachel M. Brown, the residuary legatee named in paragraph 12F, has married and her name now is Rachel M. Funk. The sole heirs at law and next of kin of the testatrix at the time of her death were two nephews, Frank P. Weaver and William F. Mason, a niece, Sarah S. Mason, and two grandnieces, Rachel M. Funk and Gladys Mason Ball Sheehan. All of these were named as residuary legatees except Frank

P. Weaver. William F. Mason died after the testatrix and his estate is represented by his executors, Olive B. Mason and William A. Torphy. Frank P. Weaver appears by his guardian, The Fall River National Bank. These are all the persons having a present interest in the residue.

The petition alleges that the special legacies have been paid; that a portion of the residue has been distributed; that the Federal estate tax has been paid; and that a sum remains in the hands of the executor in excess of $30,000. Being in doubt as to the proper disposal of this fund the executor propounds the following questions:

"1. To what persons and in what proportions is the rest and residue of the estate to be distributed?

"2. Is the Federal estate tax to be charged first against such portion of the estate as may pass as intestate property or charged against the rest and residue before calculation of the distributive shares thereof?

"3. Are the inheritance taxes with respect to the distribution of the rest and residue and of any portion thereof which may pass as intestate property to be charged against the respective shares of the individual distributees thereof or paid out of said rest and residue before calculation of the distributive shares thereof?"

The judge made answer to the questions propounded and decreed as follows:

"1. The petitioner is to make payments to the following persons and in the following proportions:

"a) To Gladys Mason Ball Sheehan two sixths of the rest and residue; one sixth under Clause 12a; one sixth under Clause 12e.

"b) To Sarah S. Mason, one sixth of the rest and residue.

"c) To William A. Torphy and Olive B. Mason as the executors under the will of William Frederick Mason, one sixth of the rest and residue.

"d) To Rachel M. Brown who by reason of her marriage is Rachel M. Funk, one sixth of the rest and residue.

"e) The one sixth share of the residuary estate bequeathed to Annie Hillard Pitt passes as intestate property to the

next of kin of the testator, subject to instructions under answers of questions two and three.

"2. The one sixth of the rest and residue to Annie Hillard Pitt designated under Clause 12B of said will which as, intestate property shall be applied to the payment of the Federal estate tax.

"3. The one sixth of the rest and residue to Annie Hillard Pitt designated under Clause 12B of said will which as intestate property shall be applied to the payment of the Massachusetts inheritance tax.

"William S. Downey allowed $1,000 for counsel fees.

"Richard K. Hawes allowed $500 for counsel fees.

"William A. Torphy allowed $300 for counsel fees."

No contention is made that there was error in the first instruction as to the distribution of the residue. The gift of the residue was to named individuals and not to a class. See *Boston Safe Deposit & Trust Co.* v. *Reed,* 229 Mass. 267; *Ashley* v. *Lester,* 281 Mass. 261, 263; *Fitts* v. *Powell,* 307 Mass. 449, 453–454; *Old Colony Trust Co.* v. *Stetson,* 326 Mass. 641. Since Annie Hillard Pitt predeceased the testatrix leaving no issue, her share in the residue lapsed and passed as intestate property. *Dresel* v. *King,* 198 Mass. 546, 548. *Worcester Trust Co.* v. *Turner,* 210 Mass. 115, 121–122. *Hobbs* v. *Chesley,* 251 Mass. 155. *Old Colony Trust Co.* v. *Johnson,* 314 Mass. 703, 712. *Old Colony Trust Co.* v. *Stetson, supra.* Gladys Mason Bell Sheehan as remainderman in the trust created for the benefit of Harry Ball is entitled to distribution of the principal of that trust. *Prescott* v. *Prescott,* 7 Met. 141, 145. *Thompson* v. *Thornton,* 197 Mass. 273, 275–276. *Bemis* v. *Fletcher,* 251 Mass. 178, 188. *Smith* v. *Livermore,* 298 Mass. 223, 237.

The controversy in the case relates to the instructions of the judge that the share of the residue of which Annie Hillard Pitt was named residuary legatee and which now passes to the next of kin of the testatrix shall be applied to the payment of the Federal estate tax and the Massachusetts inheritance tax.

The Federal estate tax is assessed on the gross estate sub-

ject to certain deductions. It is payable from the estate before the residue is calculated. Upon the death of the testator the estate is regarded, to the extent of the tax, as being instantly depleted. *Old Colony Trust Co.* v. *Treasurer & Receiver General,* 238 Mass. 544. "The taxable event is the death of the owner of the property with its resulting transfer either by will or by law relating to intestacy." *Beals* v. *Magenis,* 307 Mass. 547, 549.

The Massachusetts inheritance tax, commonly called the Massachusetts legacy and succession tax, on the other hand, is assessed on each legacy or share in an estate to which a beneficiary becomes entitled on the death of the testator. "A testator may allow the burden of both the Federal and State tax to fall where the law has placed it, or he may shift the burden and provide that it shall be ultimately paid out of the shares of those who otherwise could not be required to bear any part of either tax." *Beals* v. *Magenis,* 307 Mass. 547, 550, and cases cited. In paragraph 13 of the will the testatrix has indicated the fund from which she intended both Federal and State inheritance taxes to be paid. By that paragraph it is provided that "All inheritance taxes are to be paid from the residuum of my estate so that all legacies will be paid in full." It may be assumed, and it is not contended to the contrary, that in referring to "All inheritance taxes" the testatrix meant both State and Federal taxes. See *Beals* v. *Magenis,* 307 Mass. 547, 551; *Ferguson* v. *Massachusetts Audubon Society,* 316 Mass. 436, 444. By the term "residuum" she apparently referred to the residue. After providing for the special and residuary legacies she had disposed of her entire estate. See *Dresel* v. *King,* 198 Mass. 546, 547. By such disposition nothing remained in the estate to which the term residuum could have been intended to apply. The designated fund from which she intended the taxes to be paid must therefore have been the residue. The term residuum is frequently used in our decisions when referring to the residue. See *American Academy of Arts & Sciences* v. *Harvard College,* 12 Gray, 582, 594; *Laing* v. *Barbour,* 119 Mass. 523, 525; *White* v.

*Ditson*, 140 Mass. 351, 359; *Dresel* v. *King*, 198 Mass. 546. By "legacies" she seems to have referred to shares in the residue as well as to special legacies. See *Prescott* v. *St. Luke's Hospital of New Bedford*, 280 Mass. 229, 232. The inheritance taxes on the estate and on all legacies, both special and residuary, must therefore be paid from the residue.

There remains for consideration the question of the payment of the Massachusetts tax on the residuary share which passes under the law relating to intestacy. Paragraph 13 provides for the payment of "All inheritance taxes" from the residue. The intestate share is subject to a succession tax as are the legacies subject to the legacy tax. Both succession and legacy taxes are inheritance taxes and in our opinion both are to be paid from the residue. Although the purpose of the testatrix in providing that taxes be paid from the residue is stated to be "so that all legacies will be paid in full," this expression should not be interpreted as restricting or controlling the natural meaning of the word "all" as applied to the taxes and excluding taxes to be paid on intestate shares.

No convincing reason is offered in support of the contention that the share of the residue which passes under the law relating to intestacy should bear the entire tax burden. It is urged that the dominant intention of the testatrix was to relieve all legacies, both special and residuary, from the burden of inheritance taxes, and that to effect this intention the intestate share should be charged with the payment of all inheritance taxes. This argument ignores the specific provision of paragraph 13 and would result in the payment of taxes from a fund other than that specifically stipulated by the testatrix. We think the judge was in error in his answers to requests for instructions 2 and 3.

The Massachusetts taxes payable on the residuary legacies and the residuary share passing by intestate succession are to be determined and paid in accordance with the rule stated in *Prescott* v. *St. Luke's Hospital of New Bedford*, 280 Mass. 229, and followed in *Rippel* v. *King*, 126 N. J.

Eq. 297, 305–306. After the payment of the Federal estate tax (which has been paid), the debts of the estate, costs of administration and the special legacies with the taxes due thereon, the executor, for the purpose of calculating the taxes payable on the residuary shares, should divide the residue into the proportional shares specified by the judge in his answer to the first request for instructions. Having ascertained the amounts of the taxes payable on these shares and after payment of the same, he should distribute the balance of the residue in the aforesaid proportions to the persons entitled.

The decree of the Probate Court is to be modified by including instructions to the petitioner in accordance with this opinion, and as so modified it is affirmed.

*So ordered.*