George A. McLaughlin, executor & trustee, *vs.* Margaretta Biddle Codman & another.

Norfolk.   December 9, 1954. — April 8, 1955.

Present: Qua, C.J., Ronan, Wilkins, Spalding, & Williams, JJ.

*Devise and Legacy*, Taxes, Residuary trust, Specific legacy.   *Trust*, Residuary trust.

Under a will establishing a residuary trust and directing payment to one of the beneficiaries for life of one third of the income from "properties . . . in the trust" which the testator expected to "inherit" but had "not yet received" from certain other estates "subject to various . . . taxes and other claims," with a recital that he meant thereby to give such beneficiary one third of the "income received by . . . [his] estate, free and clear, from the principal received from . . . [the other] estates after the payment of all such . . . taxes and other claims chargeable to them," the words "free and clear" referred to taxes and other claims against the other estates and not to those against his estate, and the Federal estate tax on his estate, which was substantially increased through the inclusion in his estate of property derived from the other estates, must be paid from his estate as a whole and thereby diminish proportionately the part of the residuary trust principal from which such beneficiary would receive income as well as the rest of the residuary trust principal; and the Massachusetts succession taxes must be charged to the several beneficiaries of the estate.   [518–519]

A provision in a will directing the trustees of a residuary trust to pay to a beneficiary for life one third of the income received "from the properties . . . in the trust" which were derived by the testator from certain other estates did not give such beneficiary an interest in the nature of a specific legacy. [519]

PETITION for instructions, filed in the Probate Court for the county of Norfolk on July 16, 1951.

The respondent Margaretta Biddle Codman appealed from a decree by *Reynolds, J.*

*George A. McLaughlin,* stated the case.

*Richard S. Bowers, (John M. Stephens* with him,) for Margaretta Biddle Codman.

*Lispenard B. Phister, (Arthur M. Gilman* with him,) for Dorothea Codman DeLescu.

WILLIAMS, J. This is a petition for instructions originally brought by George A. McLaughlin and Frank W. Alexander, the executors of and the trustees under the will of Edmund D. Codman. Since the filing of the petition Frank W. Alexander died on October 26, 1953, and George A. McLaughlin is now the sole executor and trustee. The respondents are the testator's daughter Dorothea Codman DeLescu, formerly Dorothea A. Rodewald, and Margaretta Biddle Codman, the widow of a deceased brother. The testator died on February 19, 1947, leaving a will dated June 14, 1930, and two codicils, the first dated December 18, 1946, and the second December 30, 1946. In his will he bequeathed $50,000 to his wife, Anne M. Codman, and devised and bequeathed the "rest and residue" of his property to trustees to pay the net income to his wife for her life and after her death to his daughter Dorothea for her life. It was provided that on Dorothea's death the principal of the trust be paid in equal shares to her children or their issue and if at her death there was no living child or issue then to the persons "to whom the same would descend" if the testator had died intestate and unmarried. In the second codicil this provision was modified to give Dorothea a power of appointment of the principal if she should leave no child or issue. By his first codicil the testator in paragraph numbered 1 "specifically"

devised and bequeathed to Dorothea his house in Boston, his land in Westwood and Dedham, and $25,000 "as soon as such funds can be made available." Paragraph numbered 2 of this codicil, the interpretation of which is the immediate subject of the petition, reads as follows: "2. I direct my executors and after them my trustees to pay to Margaretta Biddle Codman, during her life, one-third of the net income actually received by them from the properties held by them in the trust under my will, or the reinvestments thereof which I may inherit as heir of my sister, Catherine A. Codman, either from her own individual estate, or from the trust under the will of Maria P. Codman. I have not yet received the properties of either of these estates, and these estates are subject to various debts, demands, taxes and other claims. By this clause I mean to leave to Margaretta Biddle Codman only one-third of the income received by my estate, free and clear, from the principal received from those estates after the payment of all such debts, demands, taxes and other claims chargeable to them. The balance of the net income of the trust shall be paid as provided to my daughter Dorothea Codman DeLescu, referred to in my will as Dorothea A. Rodewald."

It is stated in the petition and admitted by the answers of the respondents: The gross estate of the testator amounts to $990,225.76. Its assets consist in part of "a one-quarter interest" amounting to $561,274.78 which he "inherited" under the will of Maria P. Codman. The total Federal estate tax with interest "assessed and paid by the estate" amounted to $222,377.02. The Massachusetts inheritance and succession taxes are believed to be in excess of $40,000. If the estate had not been increased by the inheritance of $561,274.78 the Federal estate tax with interest would have amounted to $47,426.64. The inheritance represented 56.6815% of the assets of the estate. If the Federal estate tax were apportioned on the basis of 56.6815% and 43.3185% "the assets inherited from . . . Maria P. Codman would reflect a Federal estates tax, together with interest, in the

amount of $126,046.63, while the balance of the net assets of the estate . . . would have reflected a Federal estates tax, with interest thereon, of $96,330.39."

Instructions are requested as follows:

"(a) Is any part of the assets of the trust created under the will and codicil of Edmund D. Codman other than the trust as a whole to be charged with any part of any Federal estates taxes assessed against the estate of Edmund D. Codman?

"(b) Is any part of the assets of the trust created under the will and codicil of Edmund D. Codman other than the trust as a whole to be charged with the payment of any taxes assessed by the Commonwealth of Massachusetts against the estate of Edmund D. Codman?

"(c) What proportion of the Federal estates taxes or the Massachusetts inheritance and succession taxes charged respectively against the estate of Edmund D. Codman should be charged against the trust created under the will and codicils of Edmund D. Codman?"

The evidence at the hearing on the petition is reported. From that evidence it appears that the testator inherited from Catherine A. Codman, who was his sister and died intestate, the amount of $70,658.31. His gross estate outside of the inheritance from Catherine and Maria was $358,292.67. Total charges against the estate for debts, State and Federal taxes, and costs of administration amount to $416,516.51. The executors have paid $40,000 on account of the Massachusetts inheritance tax and have paid Dorothea's pecuniary legacy. Although it is not expressly stated in the record, we infer that Anne M. Codman predeceased her husband.

Subject to Margaretta's exception, evidence was admitted as to what the testator meant in using the word "taxes" in paragraph numbered 2 of the first codicil.

The case is here on the appeal of Margaretta from that part of the final decree which reads, "the interest of Margaretta Biddle Codman constitutes a part of the residuary trust established under the will of Edmund D. Codman;

and the residuary trust as a whole is to be charged with the Federal estate taxes, the Massachusetts inheritance and succession taxes, and the debts and expenses of administration."

The requests for instructions are general and somewhat vague, but we assume that they are intended to raise the same issues which are presented by the contentions of the respondents in their respective answers. Margaretta contends that no part of the Federal estate tax should be paid from the property held in trust for her and only that portion of the Massachusetts tax which is imposed upon her "life interest." Dorothea contends that no part of the assets of the trust other than the trust as a whole should be charged with any Federal estate and Massachusetts inheritance taxes and that, except for the Massachusetts tax imposed on the specific devises and pecuniary legacy to her and on the life interest of Margaretta, the trust should be charged with the entire Federal and State taxes.

It is apparent from the wording of paragraph numbered 2 of the first codicil that the testator intended that the property received from the estates of Catherine and Maria P. Codman should fall into the residue of his estate and be added to the principal of the trust which he had established by his will. In our opinion the clause in paragraph numbered 2 of the first codicil wherein he referred to Margaretta's one third of the income to be received from these additions to the principal of the trust is not ambiguous. In the preceding sentence he states that the estates from which he expected to receive property were subject "to various debts, demands, taxes and other claims." In leaving to Margaretta "one-third of the income received by my estate, free and clear, from the principal received from those estates after the payment of all such debts, demands, taxes and other claims chargeable to them," we think that he meant free and clear from taxes and other claims against the Catherine and Maria P. Codman estates and not taxes which would be imposed upon his own estate. The extrinsic evidence of his intent should not have been admitted but

if entitled to consideration it would not affect the decision to which we have arrived.

Federal estate taxes are, subject to certain deductions, assessed on the gross estate of the decedent. They are payable from the estate before the residue is calculated. *Buffinton* v. *Mason*, 327 Mass. 195, 198–199. In the instant case the executors have paid the assessed Federal estate tax, a substantial portion of the Massachusetts inheritance tax, and the pecuniary legacy to Dorothea. After satisfying such other claims as may be outstanding and paying the expenses of administration, the surviving executor is in a position to establish the amount of the residue. Such residue will be transferred to the trustee. The Federal estate tax is not technically chargeable to the residue, although its payment diminishes the amount of the residue. That part of the residue held in trust from which Margaretta is to derive her income as well as the part from which the balance of income is to be paid to Dorothea are alike reduced in amount by the payment of the tax and the beneficiaries must suffer in proportion to their respective interests. The contention of Margaretta that the interest which she is to receive is in the nature of a specific legacy cannot be sustained. That interest is the income derived from a proportional part of the residue, and is not a specific legacy. See *First National Bank* v. *Union Hospital of Fall River*, 281 Mass. 64, 68.

The Massachusetts inheritance tax is assessed on each legacy or share in an estate to which a beneficiary is entitled and, although payable by the executor, administrator, or trustee (see G. L. [Ter. Ed.] c. 65, § 7; *Ferguson* v. *Massachusetts Audubon Society*, 316 Mass. 436), ultimately is charged to the beneficiary. See *Buffinton* v. *Mason*, 327 Mass. 195. As in the case of the Federal estate tax, the amount of the residue which is transferred by the surviving executor to the trustee will be reduced by the amount of the inheritance tax which has been paid. It is not, however, chargeable to the residue. It must be collected from the beneficiaries or charged against their interests either

by the surviving executor or by the trustee in some appropriate manner.

The final decree must be reversed and a new final decree entered declaring that the fund which is to be held in trust is the residue of the estate after the payment of debts, specific legacies, charges of administration, and that part of the Federal estate tax properly allocated to the probate estate (see *Malden Trust Co.* v. *Bickford*, 329 Mass. 567). Neither the Federal nor the State tax is chargeable to the residue.   The State tax is chargeable to the beneficiaries of the trust.

*So ordered.*