THE FIRST SAFE DEPOSIT NATIONAL BANK OF NEW BED-
FORD, trustee, *vs.* FRANCIS B. COMSTOCK & others.

Bristol.   November 5, 1958. — January 15, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Devise and Legacy,* Identity of beneficiary, Remainder.

Under a will and codicil establishing a trust and providing that upon its
    termination the principal of the trust should be distributed "among
    the legatees named in the Seventeenth Article of my last will in equal
    shares," which were religious or charitable organizations each be-
    queathed a certain sum by that article and each bequeathed an equal
    share of the residue of the testatrix's estate by another article of the
    will describing them as "the legatees named in the Seventeenth Article
    of this will," the trust principal upon termination of the trust was pay-
    able directly to the legatees named in the seventeenth article as identi-
    fied remaindermen of the trust, not as residuary legatees, and was not
    available to make up deficiencies in pecuniary legacies existing because
    of insufficiency of assets of the estate.

PETITION, filed in the Probate Court for the county of
Bristol on January 22, 1958, for allowance of an account.

The case was heard by *Mullaney,* J.

*Maurice F. Downey,* for the respondent guardian ad litem,
(*George H. Young,* for the respondents Francis B. Comstock
and others, with him).

*Davis C. Howes,* for the petitioner, (*Cecil H. Whittier,* for
New Bedford Child and Family Service and others, with
him).

COUNIHAN, J.   These are appeals from a decree of the
Probate Court allowing the fifth and final account of The
First Safe Deposit National Bank of New Bedford, trustee
under a codicil to the will of Emma C. Watkins for the
benefit of Annie Clarke and on her death to the legatees
named in article 17 of her will in equal shares.   The ap-
pellants are Francis B. Comstock and others who are in-

dividual pecuniary legatees named in the will of Emma C.
Watkins and a guardian ad litem appointed by the judge to
represent minors and other parties in interest unknown or
unascertainable. They appealed from the decree allowing
the trustee's account. The controversy was submitted to
the judge of probate upon a statement of agreed facts.

In the consideration of these appeals it becomes necessary
for us to construe the will and codicil of Emma C. Watkins
which were duly allowed by the Probate Court, particularly
those provisions relating to the trust set up for the benefit
of Annie Clarke and the disposition of the remainder upon
the death of Annie Clarke.

The statement of agreed facts shows that the testatrix
died on December 8, 1933. Her will was dated August 31,
1923, and the codicil was dated June 4, 1930.

In article 8 of the will she bequeathed $15,000 to a trustee
to pay over the net income of it for the benefit of Isabel
Gifford during her life and on her death to *terminate the
trust and to pay over the trust fund in equal shares to the
residuary legatees under the will.*

In article 14 the testatrix bequeathed $12,000 to Michael
Clarke who had been employed by her for many years. He
died before the execution of the codicil.

In article 17 she bequeathed a certain sum of money to
each of several religious or charitable organizations.

In other articles she bequeathed substantial sums of money
to relatives and friends.

In article 20 she bequeathed all the rest, residue and re-
mainder of her estate *"to the legatees named in the Seven-
teenth Article of this will, in equal shares"* (emphasis supplied).

In the first article of the codicil she bequeathed to a bank
(apparently the predecessor of the present trustee) the sum
of $40,000 in trust to pay over the net income up to $35 a
week to Annie Clarke, widow of Michael Clarke, and to add
to the principal of the trust fund all the net income after pay-
ment of the weekly sums of $35 to Annie Clarke. "Upon
the death of the said Annie Clarke, this trust shall terminate
and the said *trustee shall then distribute the principal of the*

*said trust fund, together with all accumulations of income, among the legatees named in the Seventeenth Article of my last will in equal shares"* (emphasis supplied). There appears to be no controversy regarding the payment of the balance of the Gifford trust, the beneficiary of which died before the death of the testatrix, which balance was apparently paid over pro rata to all the legatees because of the deficiency hereinafter mentioned.

There is no doubt that the assets of the estate when the testatrix died were insufficient to pay in full all the legacies under the will and codicil so that each of the legatees suffered a reduction of 26.244% of their bequests.

The trustee and the legatees under article 17 contend that the remainder of the Clarke trust fund did not go into the residue of the estate but that it was payable directly to the legatees named in article 17. The legatees named in article 17 assert that they received no part of the remainder of the Clarke trust in their capacity as residuary legatees.

The appellants contend that the charities named in article 17 took in their capacity as residuary legatees and, there being no residuary estate, they were entitled to no part of the remainder of the Clarke trust fund which should have been distributed among all legatees to make up deficiencies. These contentions present the only issues before us.

We are of opinion that there was no error in the decree allowing the account which in effect upheld the position of the trustee and the legatees named in article 17.

It was said in *Old Colony Trust Co.* v. *Stetson,* 326 Mass. 641, at page 643, "The principal of the trust upon its termination was to go to the two persons who were named as residuary legatees. This was a proper description of the two beneficiaries who were to take the principal of the trust under the second clause of the will which provided not only for the creation . . . of the trust but also for the distribution of the income and the corpus upon the termination of the trust. . . . The testatrix did not provide that those named in the residuary clause should take the trust principal in their capacity as residuary legatees, but merely referred to

the persons named in the residuary clause as a means of identifying the legatees . . . ."  It is significant that in the case at bar it is not necessary to refer in any way to the residuary clause, article 20.  The remainder of the Clarke trust fund was to be distributed to the legatees named in article 17 of the will.

We think that the *Stetson* case is decisive of the instant case.  For a case practically on all fours with the case at bar see *Matter of Reynolds*, 242 N.Y. 389, 393–394.

In the case of *Smith* v. *Livermore*, 298 Mass. 223, upon which the appellants rely, the language used was different from that in the will before us.  At page 238 it was held that the provisions of the will in that case made the fund thereby given, after the death of the life tenant, a part of the residue.  But as we have already pointed out that is not the situation in the case at bar.  See *Sibley* v. *Livermore*, 332 Mass. 730.

The decree of the Probate Court is to be modified to provide that costs and expenses, including costs and expenses of this appeal, may be allowed the appellants in the discretion of the Probate Court and if allowed are to be paid out of the remainder of the trust fund.  The costs and expenses of the trustee must be sought in the accounting of the trustee and the fifth and final account of the trust is reopened for these purposes.  As so modified the decree is affirmed.

*So ordered.*